**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HT SERVICES, LLC,

     Plaintiff - Appellant,

v.

WESTERN HERITAGE INSURANCE
COMPANY,

     Defendant - Appellee.

No. 20-1275
(D.C. No. 1:19-CV-02174-DDD-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

This appeal arises from an insurance coverage dispute. Plaintiff HT Services,

LLC is a land developer in Colorado Springs that had commercial general liability

policies with Defendant Western Heritage Insurance Company. The policies covered

land on which HT Services subsequently designed and constructed a residential

community known as Willow Creek. When the Willow Creek homeowners

association sued HT Services for negligent design and construction of a retaining

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

wall, HT Services asked Western to defend and indemnify it. Western denied coverage and refused to defend HT Services in the underlying lawsuit.

HT Services then sued Western in state court asserting claims for declaratory judgment, breach of contract, and insurance bad faith. Western removed the case to federal court, which granted summary judgment in Western's favor. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Background

Western issued consecutive annual commercial general liability policies to HT Services for the periods from 2010 through 2013, with each policy beginning on July 11. The policies covered two properties—the corporate offices of HT Services, and four acres of land on East Woodmen Road that was described in the policies' Declarations pages as vacant.

Beginning in 2011, HT Services developed a residential community on East Woodmen Road known as Willow Creek. HT Services was involved in the design and construction of the improvements at Willow Creek.

In 2016, the Willow Creek homeowners association (HOA) sued HT Services and others for construction defects. The HOA alleged construction defects relating to a retaining wall and claimed resulting damages. It asserted the defects were caused by HT Services' negligent conduct. HT Services tendered the HOA's notice of claim and later the HOA's complaint to Western for defense and indemnity. Western denied coverage and refused to defend HT Services against the HOA's lawsuit.

2

After settling with the HOA, HT Services sued Western in state court, asserting claims for declaratory judgment, breach of contract, and insurance bad faith. Western removed the case to federal court, and the parties filed cross motions for summary judgment. The district court granted Western's motion and entered judgment against HT Services. This appeal followed.

## II. Discussion

### A. Standard of Review and Applicable Law

We review summary judgment decisions de novo, "view[ing] the evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted). Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The parties agree that this diversity case is governed by the substantive law of Colorado. Under Colorado law, "[a]n insurance policy is merely a contract that courts should interpret in line with well-settled principles of contract interpretation." *Cyprus Amax Mins. Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003). "[C]ourts should be wary of rewriting provisions, and should give the words contained in the contract their plain and ordinary meaning . . . ." *Id.* In the unique setting of insurance contracts, however, the court must construe any ambiguous provisions against the insurer and in favor of providing coverage. *Id.* But this "does

3

not mean that we must adopt [the insured's] views wholesale." *Colo. Pool Sys., Inc. v. Scottsdale Ins. Co.*, 317 P.3d 1262, 1270 (Colo. App. 2012).

## B. Exclusions from Coverage

HT Services argues the district court erred in holding the HOA's complaint against HT Services did not trigger a duty to defend. We discern no error.

The duty to defend obligates an insurer to defend an insured against any pending claims subject to the relevant insurance policy. *Cyprus*, 74 P.3d at 299. A court "must look no further than the four corners of the underlying complaint" to determine whether a duty to defend exists. *Id.* "An insurer is not excused from [the duty to defend] unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured." *Id.* (internal quotations omitted). The insurer bears the burden to prove the applicability of an exclusion from coverage. *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (citing *Rodriguez ex rel. Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991)). "[I]f the alleged facts even potentially trigger coverage . . . the insurer is bound to provide a defense." *Cyprus*, 74 P.3d at 299.

Western argued, and the district court agreed, that there was no duty to defend because the HOA's allegations fell within exclusions in the subject policies. The district court focused on two exclusions.

4

First, the policies covering the years 2011 to 2013[1] excluded from coverage any activities concerning "Habitational New Construction":

> This insurance does not apply, and no duty to defend is provided by us for claims, "suits," actions, accusations or charges, nor to any loss, cost or expense arising out of, relating to or in any way connected with "your operations," "your work" or "your product" involving the development, construction, conversion and/or demolition of:
>
> 1. "mixed-use" structures;
>
> 2. condominiums;
>
> 3. town homes; or
>
> 4. any other type of residential structure including "multiple unit" residential structures:
>
> whether by any insured, an entity to which any insured owes an indemnity obligation, or any other entity.

Aplt. App. vol. III at 490, 537.

HT Services protests that a retaining wall is not a "residential structure," but the terms of the foregoing exclusion are broad, applying to lawsuits "arising out of, relating to or in any way connected with" the construction of residential structures. *See N. Ins. Co. v. Ekstrom*, 784 P.2d 320, 323 (Colo. 1989) (defining "arising out of" to mean "originate from," "grow out of," or "flow from" (internal quotation marks omitted)); *City & Cnty. of Denver v. Dist. Ct.*, 939 P.2d 1353, 1366 (Colo. 1997)

---

[1] HT Services argues that the district court improperly looked outside the four corners of the complaint to determine that the 2010-2011 policy did not apply. We need not address this argument, however, because even if that policy applied, it contained the same Habitational New Construction exclusion as the subsequent policies. As discussed below, we affirm the district court's holding that the HOA's allegations fell within this exclusion.

("related" means "having a relationship or connected by an established or discoverable relation" (internal quotation marks omitted)). Despite this broad language, HT Services seems to argue the retaining walls must be in a certain proximity to residences or be part of the foundation of the homes. *See* Opening Br. at 36. We find no such limiting language in the exclusion, and we reject the argument that the district court construed the exclusion too broadly in violation of the rule requiring exclusions to be interpreted narrowly in favor of coverage.[2] The district court merely construed the broad terms "arising out of, relating to or in any way connected with" according to their plain and ordinary meaning. In short, we agree with the district court that because the retaining wall was constructed as part of the development of the Willow Creek residential community, the HOA's allegations concerning defects in the retaining wall fall within the "Habitational New Construction" exclusion.

Second, the policies excluded coverage for "faulty workmanship" in a provision known as "Exclusion j.(6)," which states that "[t]his insurance does not apply to . . . '[p]roperty damage' to . . . [t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed

---

[2] HT Services additionally argues that the HOA's complaint fits within an exception to the Habitational New Construction exclusion, which provides it does not apply to "remodeling, repair or maintenance operations" on a "residential structure after same has been erected, certified for occupancy and put to [its] intended use." Aplt. App. vol. II at 318. This exception, however, did not apply here because the HOA's allegations concern problems with a retaining wall—not "remodeling, repair or maintenance" of a "residential structure." *Id.*

6

on it." Aplt. App. vol. I at 86, 88-89, 130, 132-33; *see Advantage Homebuilding LLC v. Md. Cas. Co.*, 470 F.3d 1003, 1012 (10th Cir. 2006) (observing Exclusion j.(6) "was intended to exclude 'property damage' that directly or consequentially occurs from the faulty workmanship of the insured and its contractors/subcontractors . . . while the work is ongoing"). We agree with the district court that the allegations of the HOA's complaint—including that it suffered damages resulting from HT Services' "defectively . . . constructed retaining walls," Aplt. App. vol. I at 201—fall squarely within this exclusion. *See McGowan v. State Farm Fire & Cas. Co.*, 100 P.3d 521, 525 (Colo. App. 2004) (holding faulty workmanship provision relieved insurer of duty to defend against claim for damages to repair mistakes in the construction of the insured's home).

HT Services also argues the district court erred in holding that the policies in this case are "liability insurance policies" within the meaning of Colo. Rev. Stat. § 13-20-808. That statute directs courts to interpret "broadly for the insured" any "insurance policies issued to construction professionals" in cases involving "coverage for damages arising out of construction defects." Colo. Rev. Stat. § 13-20-808(1)(a)(I)-(II), b(I). The statute defines a "[l]iability insurance policy" as "a contract of insurance that covers occurrences of damage or injury during the policy period and insures a construction professional for liability arising from construction-related work." *Id.* § 13-20-808(2)(d). But as we have already held, the "Habitational New Construction" provision excludes from coverage any claims arising from construction-related work. In addition, the statute does not create

7

coverage where there is none to be had under the plain language of the policy. *Id.* § 13-20-808(3)(b) (nothing in the statute "[c]reates insurance coverage that is not included in the insurance policy").

In short, we affirm the district court's holding that Western owed no duty to defend based on the "Habitational New Construction" and "faulty workmanship" exclusions.

## C. Breach of Contract and Bad Faith

Because we affirm the district court's holding that HT Services had no right to coverage under the policies, we necessarily must affirm the dismissal of HT Services' claims for breach of contract and bad faith. *See, e.g., MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) (bad faith claim must fail if coverage was properly denied).

## III. Conclusion

For the foregoing reasons, we affirm the grant of summary judgment in Western's favor. We also deny the motion filed by HT Services to certify questions to the Colorado Supreme Court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge